# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 29, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JAMES GUDAITIS | * | |
| | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 17-1570V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Michael Firestone,* Marvin Firestone, MD, JD and Associates, San Mateo, CA, for petitioner.
*Ryan Pyles,* United States Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 16, 2022, James Gudaitis ("petitioner") filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF no. 117). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$134,215.99.**

I. **Procedural History**

On October 19, 2017, James Gudaitis ("petitioner") filed a petition for compensation under the National Vaccine Injury Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the Influenza ("flu") vaccination on October 21, 2014, he developed optic neuritis and multiple sclerosis or "caused a significant aggravation of a preexisting neurological condition," and that he experienced residual effects of this injury for more than six months. *Id.*

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On December 16, 2022, petitioner filed a motion for final attorneys' fees. Petitioner requested compensation in the total amount of $137,278.08 representing $89,147.57 in attorneys' fees and $48,130.51 in costs. Fees App. at 1. Pursuant to General Order No. 9, petitioner expended $50.00 for miscellaneous postage and copying charges for medical records. *Id*. Respondent reacted to the fees motion on December 19, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 118). Petitioners did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e)(1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioners were awarded compensation pursuant to a stipulation, they are entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioners requests the following hourly rates for the work of their counsel: for Mr. Michael Firestone, $279.60 per hour for work performed in 2017, $289.69 per hour for work performed in 2018, $300.10 per hour for work performed in 2019, $311.20 per hour for work performed in 2020, $365.00 per hour for work performed in 2021, and $425.00 per hour for work performed in 2022; for Mr. Marvin Firestone, $430.16 per hour for work performed in 2017, $461.59 per hour for work performed in 2019, and $526.75 per hour for work performed in 2022; for Mr. Andrew Dibbern, $261.00 per hour for work performed in 2022; for Ms. Meghan Shiner, $185.00 per hour for work performed in 2021; and for Mr. Tim O'Hara, $435.00 per hour for work performed in 2021, $470.00 per hour for work performed in 2022. Additionally, petitioner requests reimbursement for two paralegals: for Pat Barrick, $177.44 per hour for work performed in 2017, $183.65 per hour for work performed in 2018, $190.45 per hour for work performed in 2020, $225.00 per hour for work performed in 2022; for Ms. Jody Chan, $150.00 per hour for work performed in 2019, 2020, and 2021; and for Mr. John Bellanca, $180.00 per hour for work performed in 2022. Fees. App. at 29.

2

The rates requested for Mr. Michael Firestone for the years 2017-2021 have previously been awarded in the program. *Knippschild v. Sec'y of Health & Hum. Serv.,* No. 20-0965V, 2022 WL 17968803, at *1 (Fed. Cl. Dec. 23, 2022). Mr. Michael Firestone has requested an increase of his 2022 rate to $425.00 per hour, but his rate has been approved at $381.34 for 2022. *Id*. Therefore, his 2022 total billing will be reduced to $27,151.41 from $30,260.00. Fees App. at 28.

Mr. Marvin Firestone has previously been awarded the requested rates for 2017 and 2019, but his rate for 2022 at $526.75 per hour has not previously been awarded in the Vaccine Program. Mr. Marvin Firestone has been practicing healthcare law for the past 40 years as a licensed attorney. Fees App. at 9. Given his extensive experience as an attorney, he will be awarded the upper limit of the attorneys' fees for his experience level in 2022, at $525.00 per hour. Therefore, his rate will be reduced to $1,050.00 from $1,053.50.

Mr. Andrew Dibbern has been a licensed Veterinarian since 1997 and graduated from Law School in 2019. Fees. App. at 22. Petitioner requests Mr. Dibbern be awarded at a rate of $261.00 per hour for work performed in 2022. *Id*. at 29. He has not previously been awarded rates in the Vaccine Program and the rate of $261.00 is within the limits of the reimbursement structures and shall be awarded in full. Ms. Megan Shiner's rate has been awarded previously and will therefore not be reduced. *See Morrow v. Sec'y of Health & Hum. Servs.,* No. 17-1964V, 2021 WL 6424072, at *2 (Fed. Cl. Dec. 9, 2021); *Caredio v. Sec'y of Health & Hum. Servs.,* No. 17-0079V, 2022 WL 1532309, at *1 (Fed. Cl. Apr. 19, 2022).

Petitioner requests Mr. O'Hara be awarded $435.00 per hour for work performed in 2021, and $470.00 per hour for work performed in 2022. Fees App. at 29. His 2021 rate has been awarded previously and will not be reduced. *Caredio v. Sec'y of Health & Hum. Servs.,* No. 17-0079V, 2022 WL 1532309, at *1 (Fed. Cl. Apr. 19, 2022). Mr. O'Hara has not yet been awarded rates for 2022. He graduated from Law School in 1992 and is an attorney admitted to practice law before the United States Supreme Court, the Federal Claims Court, the United States District Courts for the Central and Eastern Districts of California, and the Courts of the State of California. Fees App. at 12. Based on his experience level and years of legal practice, his rate of $475.00 for 2022 will be awarded in full.

Regarding the request for the paralegal services, Ms. Jody Chan's request of $150.00 per hour for work performed in 2019, 2020, and 2021, will be awarded in full as it has been previously awarded in the Vaccine Program. *See Caredio v. Sec'y of Health & Hum. Servs.,* No. 17-0079V, 2022 WL 1532309, at *1 (Fed. Cl. Apr. 19, 2022). Additionally, Mr. John Bellanca's rate of $180.00 per work for work in 2022 will also be awarded in full. *Id*. Ms. Pat Barrick has previously been awarded a 2017 rate of $177.94 per hour, and a 2018 rate of $183.65 per hour as her work as a nurse paralegal. *Id*. Ms. Barrick has previously been awarded $195.00 per hour for work performed in 2021 in the he *Knippschild* case. *Knippschild v. Sec'y of Health & Hum. Serv.,* No. 20-0965V, 2022 WL 17968803, at *1 (Fed. Cl. Dec. 23, 2022). Therefore, her rates of $190.45 per hour for work performed in 2020, and $225.00 per hour for work in 2022 shall be awarded in full.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified

3

any particular entries as being objectionable. Therefore, the attorneys' fees will be reduced by a total of $3,112.09, reducing the total amount of attorneys fees to $86,035.48.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $48,130.51 for acquisition of medical records, photocopying, postage, printing, and work performed by three experts, Dr. Lawrence Steinman, Dr. David Wilson, and Dr. Eric Gershwin. Fees app. at 26-27. Petitioners have provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioners are therefore entitled to the full amount of costs sought.

### 1. Expert Costs

#### i. Dr. Lawrence Steinman

Dr. Steinman submitted a bill for $25,750.00 for time worked on the case after exhaustion of his retainer of $3,000.00. Fees App. at 83-84. He billed 19 hours at a rate of $500.00 per hour for work performed in 2019, and 35 hours at a rate of $550.00 per hour for work performed in 2021 and 2022. *Id*.

Dr. Steinman authored four expert reports in this case Pet. Ex. 19; Pet. Ex. 66; Pet. Ex. 68; Pet. Ex. 83. His first expert report was 24 pages, including 24 references, his second report was 14 pages, including an additional 10 references. Pet. Ex. 19; Pet. Ex. 66. Additionally, his third expert report was 11 pages, and his final expert report was 15 pages. Pet. Ex. 68; Pet. Ex. 83. Although my colleagues and I have denied Dr. Steinman's request for an hourly rate of $550.00 in the past, more recent decisions have granted him this rate. *Morrison v. Sec'y of Health and Hum. Servs.*, No. 18-386V, 2023 WL 1873254, at *7 (Fed. Cl. Spec. Mstr. Feb. 10, 2023) (granting $550.00 per hour for Dr. Steinman's work performed in 2021 and 2022); *Mason v. Sec'y of Health & Hum. Servs.*, 2022 WL 4693380, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022) (finding that Dr. Steinman's "demonstrated experience with the Vaccine Program has recently been deemed grounds for a slight rate increase" from $500.00 per hour to $550.00 per hour); *Anderson v. Sec'y of Health & Hum. Servs.*, No. 20-440V, 2022 WL 3151737, at *3 (Fed. Cl. Spec. Mstr. July 13, 2022) (finding that "Dr. Steinman's expertise in the medical field and long-standing participation in the Vaccine Program" justified an hourly rate of $550.00 even though this was higher than the $500.00 "informal cap on expert fees" in the Program); *L.R. by & through Baxter v. Sec'y of Health & Hum. Servs.,* No. 16-922V, 2023 WL 2320342, at *6 (Fed. Cl. Mar. 2, 2023); *Gardner v. Sec'y of Health & Hum. Servs.,* No. 17-1851V, 2023 WL 3775170, at *6 (Fed. Cl. June 2, 2023). I agree that Dr. Steinman's demonstrated expertise in the field of neuroimmunology and extensive experience in the Vaccine Program justifies an hourly rate of $550.00. Accordingly, I find that Dr. Steinman's requested rate of $550.00 will be awarded for the hours worked in 2021, and 2022.

#### ii. Dr. David M. Wilson

Dr. Wilson authored three expert reports and billed at a rate of $500.00 for a total of 26

4

hours, totaling $13,000.00. Pet. Ex. 55; Pet. Ex. 67; Pet. Ex. 77; Fees App. at 85-89. Dr. Wilson also requested an additional $78.00 for two research article purchases, totaling $13,078.00. Fees. App. at 85-89. Dr. Wilson received an MD/PhD from Columbia University and holds a medical license in California, and licenses in the American Board of Radiology, Fluoroscopy License, and a Certificate in Neuroradiology from the American Board of Radiology. Pet. Ex. 56 at 1. His request for compensation will be compensated in full.

### iii.    Dr. Eric Gershwin

Dr. Gershwin did not author a report but was retained in order to partially review the medical record and address the role of steroids in the development of avascular necrosis. Fees App. at 79. Dr. Gershwin billed a total of $15.25 hours at a rate of $500.00 per hour, given that a report was never used, Dr. Gershwin accepted the retainer as payment in full. *Id*. Dr. Gershwin's rate of $500.00 has been approved previously in the program, and is reasonable in this case as well. See, e.g., Le v. Sec'y of Health & Hum. Servs., No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023) (awarding Dr. Gershwin a rate of $500.00 per hour); *Jimenez v. Sec'y of Health & Hum. Servs.,* No. 17-1190V, 2023 WL 3712348, at *4 (Fed. Cl. May 30, 2023)

## III.    Conclusion

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $89,147.57 |
| (Reduction of Fees) | - $3,112.09 |
| **Total Attorneys' Fees Awarded** | **$86,035.48** |
| | |
| Attorneys' Costs Requested | $48,130.51 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$48,130.51** |
| | |
| General Order No. 9 Requested | $50.00 |
| (Reduction) | - |
| **Total General Order No. 9 Awarded** | **$50.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$134,215.99** |

> 1) **Accordingly, I award a lump sum in the amount of $134,165.99, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioners and their attorney, Mr. Michael Firestone, and;[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

5

2) **A lump sum of $50.00, representing reimbursement for petitioner's costs as outlined in General Order No. 9, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).